Missouri, Kansas & Texas Railway Company of Texas v. J. Sanders.

Decided April 11, 1906.

**1.—Railway—Frightening Teams—Duty of Lookout.**

It can not be said as matter of law that no duty rests on those operating a railway engine in a town to keep a lookout with reference to the danger of alarming teams traveling upon a street parallel with the railroad; the duty would depend on the circumstances.

**2.—Brief—Propositions—Assignments.**

Propositions in a brief, in order to require consideration, must be raised by and relevant to the charge attacked as erroneous by the assignment of error under which they are made.

**3.—Charge.**

The hypothesis justifying the giving of a requested charge must be one supported by evidence in all material features.

Appeal from the District Court of Bell County. Tried below before Hon. Jno. M. Furman.

*T. S. Miller, Geo. W. Tyler* and *Wallace Tyler,* for appellant.—No duty of the engineer to keep lookout: Hargis v. St. Louis A. & T. Ry. Co., 75 Texas, 20; Houston & T. C. Ry. Co. v. Carruth, 50 S. W. Rep., 1037; Texas & P. Ry. Co. v. Hamilton, 66 S. W. Rep., 798; San Antonio & A. P. Ry. Co. v. Belt, 24 Texas Civ. App., 288; Missouri, K. & T. Ry. Co. v. Cloninger, 42 S. W. Rep., 636; Beaumont Pasture Co. v. Sabine & E. T. Ry., 41 S. W. Rep., 190; International & G. N. Ry. Co. v. Yarborough, 39 S. W. Rep., 1097; O'Dair v. Missouri, K. & T. Ry. Co., 14 Texas Civ. App., 541; Gulf, C. & S. F. Ry. Co. v. Box, 81 Texas, 677; Railway v. Tippens, 4 W. & W. C. C., 160.

Whether or not plaintiff's peril was caused by defendant's negligence was a controverted question of fact for the jury to determine under an appropriate charge. Saunders v. Missouri, K. & T. Ry. Co., 80 S. W. Rep., 387, and authorities there cited; Texas & P. Ry. Co. v. Watkins, 26 S. W. Rep., 761; Beach on Contributory Negligence (2d ed.), sec. 40 et seq., and notes.

The fact, if it was a fact, that the cane was "stacked on said wagon by Ed Taylor and not under the direction of plaintiff, and that plaintiff had no notice or knowledge that the same was negligently stacked," did not excuse plaintiff, who was at least a joint enterpriser with Taylor and, as such, was chargeable with the negligence of said Taylor in stacking the cane upon the wagon. Galveston, H. & S. A. Ry. Co. v. Kutac, 72 Texas, 653; Gulf, C. & S. F. Ry. Co. v. Slater, 22 Texas Civ. App., 583; Johnson v. Gulf, C. & S. F. Ry. Co., 2 Texas Civ. App., 142; Garteiser v. Galveston, H. & S. A. Ry. Co., 2 Texas Civ. App., 236; Beck v. East River Ferry Co., 6 Robertson, 82; Gray v. Railway, 22 A. & E. R. Cases, 355, note; Saunders v. Missouri, K. & T. Ry. Co., 80 S. W. Rep., 387.

*Hill & Whittey,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by Sanders against the railway company for damages resulting from personal injuries sustained in falling off of a wagon, which was caused by the fright of the team on account of the negligence of the appellant. The grounds of negligence alleged are that the engineer in control of one of appellant's engines unnecessarily caused the whistle to be repeatedly sounded, and caused the engine to be run at a rate in excess of the speed allowed by an ordinance of the city of Temple; that the appellee and his companion were driving a team along a street that ran parallel with the railway track, and that his position was discovered or could have been discovered by the engineer if he had kept a reasonable lookout.

The defendant alleged that if the plaintiff was injured it was on account of his contributory negligence in negligently loading the wagon with bales of cane in such a manner as to cause them to fall off and frighten the team, and was guilty of negligence in riding on the wagon so loaded along the highway near the defendant's track, where he knew that engines would be passing and whistling for crossings and would be likely to frighten teams; and was further guilty of negligence in not alighting from the wagon as soon as the team became frightened, but remained on the same until he was thrown off.

Verdict and judgment were in plaintiff's favor for $3,000. It appears from the evidence that Sanders and a man by the name of Taylor had loaded a wagon in a field near the city of Temple with hay or cane in bales, and under the direction of the owner, was driving the team and the wagon so loaded to some place within the corporate limits of the city. The railroad at the place where the accident occurred, runs through the corporate limits, and there is an ordinance of the city limiting the rate of speed to not exceeding 6 miles an hour. Parallel with the railroad ran a public street along which the team was being driven, and when near the track (how far off the evidence does not definitely show) an engine approached and the team became frightened and ran away, and the driver, the man by the name of Taylor, and the plaintiff fell off or were thrown off of the wagon. There is evidence which tends to show that the street was from 50 to 100 feet from the railway track.

According to the evidence of the plaintiff and his witnesses the engine was going at a rate of speed much in excess of the limit allowed by the ordinance, and the whistle was being repeatedly and unnecessarily sounded; and the conclusion is authorized that either the rapid rate of speed, the sounding of the whistle, or both, caused the fright of the team, which, if true, the jury had the right to assume was conduct amounting to negligence. There is evidence to the effect that at the time the plaintiff fell off or was thrown from the wagon, or immediately before, his situation was discovered by the engineer and the fireman, and the proximity of the street where the wagon and team were situated to the railway track was so near that the team could have been discovered by the exercise of ordinary care upon the part of the engineer and fireman. We further find that the injuries sustained by the plaintiff were proximately caused by the negligence alleged, and there is evidence in the record tending to show that he sustained injuries to some extent described in his petition.

Appellant in its brief states that the first and second assignments of error will be considered together, and it is claimed that they present the same question; and it submits under these assignments only one proposition, which is as follows:

"It was not the duty of defendant's employes to exercise ordinary care to ascertain danger or peril of plaintiff who was traveling along a public highway parallel to defendant's right of way and not approaching a crossing of same. The court's charge authorized the jury to find for plaintiff if by the exercise of ordinary care defendant's servants could have ascertained plaintiff's danger; whereas, the true rule of law, as presented by defendant's special charges with different grouping of facts, which were requested and refused as shown in the second assignment of error, is that defendant's servants must be actually apprised or have reason to know of plaintiff's peril on a parallel highway before they can be chargeable with negligence in causing fright to plaintiff's team on said highway."

Considering these assignments we will be confined solely to the question raised by the proposition, and it is to the effect that, as a matter of law, no duty rested upon those operating the engine to keep a lookout or to exercise ordinary care to ascertain the danger or peril of a person traveling along a public highway or street. The court instructed the jury that it was the right and the duty of the railway company to cause its whistle to be sounded in approaching a public crossing; and further submitted to the jury the question that if those operating the train did discover, or could have discovered by the exercise of ordinary care, the fright of the team and unnecessarily sounded the whistle, and the whistle should not have been sounded under the circumstances, then the appellant would be guilty of negligence. There is no proposition submitted under these assignments that the evidence did not warrant such an instruction; but, as before said, it is broadly contended that those operating an engine are not required to exercise ordinary care to keep a lookout for persons lawfully traveling along a public street paralleling the railway track. Whether such a charge would be proper or not, could only be determined by the facts of the particular case; and the court is not authorized to say, as a matter of law, that it should not have been given in this case, or that it would be improper in any case. A public street in a city may be used so near the railway track and so extensively used as to excite a greater degree of care and caution and viligance than would be necessary to be exercised if the street was in a remote part of the corporate limits or in a case where the railroad paralleled a highway in the country. It is a fact so well known that it may be considered as a matter of common knowledge that in many of the cities of this State railway tracks traverse public streets, or run so near to them that safety for the public requires that extra viligance must be exercised by those in control of locomotives to look out for persons who may be lawfully using the street, in order to prevent the very thing that occurred in this instance, the fright of teams. In a situation of that kind it is reasonable to suppose that an engineer would know by traversing the street at an excessive rate of speed and by unnecessarily and repeatedly sounding the whistle that teams traveling on the street near the track might become frightened. And in such a situation, and operating his engine

under such circumstances, it would be nothing more than an application of the principle of the exercise of ordinary care to require him to keep a lookout for what he might reasonably expect. Now the proposition submitted under these assignments does not contend that such a state of facts might not have existed in this instance. Therefore we are not prepared to say that the court erred in giving the charge complained of, or in refusing the charges requested.

Appellant's third assignment of error complains of the following charge of the court: "Or if you find from the evidence that plaintiff's mules were frightened by defendant's engine, but that the hay or cane on plaintiff's wagon was carelessly or improperly stacked thereon by plaintiff or under his direction, and not loaded or stacked as a man of ordinary prudence would have loaded or stacked the same, under similar circumstances, and that on account of said improper stacking or loading the said hay fell from the wagon, and that said fall and the injuries resulting therefrom, were occasioned or contributed to by such falling of said hay, you will find for defendant. But in this connection you are further charged that if you find from the evidence that said hay was stacked on said wagon by Ed Taylor and not under the direction of plaintiff, and that plaintiff had no notice or knowledge that the same was negligently stacked, then the fact that it was negligently stacked would not prevent plaintiff from recovering in the event he was injured through the negligence of defendant in the particulars complained of."

There are two propositions submitted under this assignment, and we confess we are at a loss to understand their relevancy. Proposition first is that the defendant alleged contributory negligence on the part of the plaintiff in not dismounting from the wagon when the mules became frightened, and the court's failure to charge on this point was equivalent to an affirmative charge on the weight of the evidence in that the court assumed that plaintiff was placed in such a position of imminent peril by the negligence of the defendant as to excuse him from the duty of exercising ordinary prudence in dismounting from the wagon, whereas there was evidence to the effect that the mules did not start to run until the cane began to fall upon them, until the effect of plaintiff's own negligence in loading the cane improperly came into play. And whether or not plaintiff's peril was caused by defendant's negligence was a controverted question of fact for the jury to determine under an appropriate charge. The second proposition is to the effect, defendant charged the plaintiff with contributory negligence in mounting to such an insecure position on said wagon, where he knew he would be in peril if said mules became frightened, which probability he should have foreseen, as he knew he would be traveling on a road parallel to defendant's right of way and near thereto, and that defendant's engine would probably be passing and whistling. The court's failure to charge on this point took the same away from the consideration of the jury and was equivalent to an affirmative charge that such facts would not constitute negligence on the part of the plaintiff, and was a charge, in effect, upon the weight of the evidence upon a controverted question of fact which was peculiarly within the province of the jury.

These propositions, apparently, have no relation to any question presented in the charges complained of.

The fourth assignment of error complains of the action of the court in refusing appellant's special instruction, as follows: "If you believe from the evidence that the mules were at first frightened by the blowing of defendant's train whistle, but that said mules were under control of the driver and that thereafter one or more bales of cane fell off said wagon on account of careless loading, and caused said mules to run away, and that but for the falling of the cane off said wagon said mules would not have run away and caused plaintiff's injuries, then the defendant is not responsible, and if you so believe, you will find for the defendant."

Of course, if the combination of facts here stated were true; or if there was evidence justifying their submission, it would present a good defense. If the falling of the hay caused the mules to run away, independent of the fright that was occasioned by the blowing of the whistle, the railway company would not be liable, but an inspection of the record does not show the existence of any evidence that would justify the submission of the combination of facts here stated. There is evidence that the mules became frightened in the field before they reached the railway track or the street, and afterwards became frightened from the whistling and the movement of the engine, or thereafter became frightened by hay or cane falling upon them; but there is no evidence showing that after the mules were frightened by the blowing of the whistle they became under the control of the driver. There does not seem to be any relation between the fright that occurred in the field and the fright that happened at the time of the accident. Either one of two things caused the fright at that time: The blowing of the whistle and movement of the engine, or the cane falling on the mules. From the time of the fright at the place of the accident, the driver did not regain control of the mules.

The questions presented in the fifth and sixth assignments of error were passed upon by the jury, and as to the matters there presented, we think there is evidence sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*